IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00228-WYD-KMT

VISIBLE PRODUCTIONS, INC.,

    Plaintiff,

v.

RC MATRICE, LLC,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal of Civil Action (docket #1), filed February 3, 2010.  By way of background, this case arises from a dispute concerning an alleged breach of contract for the supply of various training programs.

On February 3, 2010, Defendant RC Matrice, LLC filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendant claims in the notice of removal that the amount in controversy requirement is satisfied.  Further, Defendant asserts that while Plaintiff is a citizen of the State of Colorado, Defendant is a citizen of the State of Maryland.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.

*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"  *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal.  *Id*.  The removal statute is construed narrowly.  *Martin*, 251 F.3d at 1289.

     In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000 as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1).  I note that there is no reference to any dollar amount in the state court complaint.  Thus, I turn to the notice of removal.  The notice of removal merely states that "[t]his is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs."  (Notice of Removal ¶ 5.)  That is the only allegation in the notice of removal regarding the amount in controversy.  The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied.  In other words, the Defendant did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute.

     I further find that the attachment of the civil cover sheet to the notice of removal is not sufficient to establish that the jurisdictional amount is satisfied.  A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state

court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.* 557 F. Supp. 2d 1208, 1212-15 (D. Colo. 2007);  *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852 at *3 (D. Colo. 2007); *Dean v. Illinois Nat. Ins. Co.,* 07-cv-01030-MSK-MJW, 2007 WL 2937014 at *1 (D. Colo. 2007).

Thus, I find that the Defendant has failed to meet its burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal.  Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court.  *See* 28 U.S.C. § 1447(c).  Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Larimer County District Court from which the case was removed.

Dated:  February 4, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge