IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00228-WYD-KMT

VISIBLE PRODUCTIONS, INC.,

    Plaintiff,

v.

RC MATRICE, LLC,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Reconsideration (docket #10), filed February 5, 2010.  Defendant seeks reconsideration of the Order of Remand dated February 4, 2010.  In that Order, I found that the Defendant had not established subject matter jurisdiction over this case as it did not show that the amount in controversy for diversity jurisdiction exceeded $75,000.

In its motion for reconsideration, Defendant puts forth an exhibit in support of its argument that the amount in controversy requirement is satisfied in this case. Importantly, the Defendant concedes that the "Notice of Removal of Civil Action should have been pled with more particularity as to the amount in controversy."  (Mot. at 1.) However, the Defendant goes on to argue that a motion for default judgment filed in the state court action by Plaintiff's counsel is sufficient to show that the amount in controversy exceeds $75,000.

Turning to my analysis, I first note that reconsideration is not appropriate in

connection with an Order of Remand.  A removing party may cure faulty allegations in a notice of removal by filing an amended notice of removal pursuant to 28 U.S.C. § 1653. Following remand, however, "the district court is wholly deprived of jurisdiction to vacate or correct its remand order.  The remand order returns the case to the state court and the federal court has no power to retrieve it."  *Seedman v. United States District Court for the Central District of California,* 837 F.2d 413, 414 (9th Cir.1988).  This is true "even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith."  *Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1184 (10th Cir.1998).

Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand.  *See e.g., Dalrymple,* 145 F.3d at 1184; *Whiddon Farms, Inc. v. Delta and Pine Land Co.,* 103 F. Supp. 2d 1310, 1311 (S.D. Ala. 2000).  Similarly, other district courts in this circuit, relying on opinions from the First, Fourth, and Eleventh Circuits, have determined that they do not have jurisdiction to reconsider remand orders.  *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschraft*, 67 F. Supp. 2d 1242, 1244-45 (D. Kan. 1999); *Scherer v. Merck & Co.*, No. 05-2019-CM, 2006 WL 2255689 (D. Kan. 2006).  As noted by Judge Vratil of the United States District Court for the District of Kansas:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed . . . and the state court proceedings are to be interfered with once, at most.  This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.  The action must not ricochet back and forth depending upon the most recent determination of a

federal court.

*Aetna*, 67 F. Supp. 2d at 1244-45 (citing *In re La Providencia Development Corp.*, 406 F.2d 251, 252-54 (1st. Cir. 1969)). This conclusion is based upon the plain language of § 1447(d), which states that a district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see also Aetna*, 67 F. Supp. 2d at 1245.

In any event, I find that Defendant, through its own admission, did not show that the allegations in the Complaint or the Notice of Removal of Civil Action establish that the amount in controversy exceeds $75,000 as required by statute. While the Defendant attaches additional documentation to the motion to reconsider (the Plaintiff's motion for default judgment filed in state court), it failed to mention this pleading in the notice of removal. Thus, I still find the original notice to be defective. In short, even with the additional information proffered by the Defendant, I am unable to determine from the face of the Complaint or the allegations contained in the Notice of Removal of Civil Action that the amount in controversy requirement is satisfied. Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that remand to the state court was appropriate.

Accordingly, it is

ORDERED that the Defendant's Motion for Reconsideration (docket #10), filed February 5, 2010, is **DENIED**.

Dated: February 11, 2010

            BY THE COURT:

            s/ Wiley Y. Daniel
            Wiley Y. Daniel
            Chief United States District Judge